## THE INHABITANTS OF WASHINGTON v. APPLEGATE.

1. If sheep are destroyed or wounded by dogs within any township in this state, the owner of the sheep, although he resides out of that township, is entitled to remuneration out of the dog tax of that township, the fund provided for relief in such cases.

2. If the town committee improperly refuse relief out of such fund, to any person entitled to it, he has no remedy by an action against the township: the town committee, in the distribution of this fund, are not the agents of the township, but trustees of this fund, with certain judicial powers.

---

This cause was brought into this court by certiorari, removing from the Morris County Common Pleas the judgment of that court, on an appeal from the court for the trial of small causes. On the appeal, the Court of Common Pleas had given judgment in favor of Moses Applegate, the plaintiff below, against the in-

habitants of the township of Washington, in the county of Morris, for the value of certain sheep destroyed within the said township by dogs, which sheep belonged to Applegate, who was not an inhabitant of said township.

The cause was argued before NEVIUS and OGDEN, Justices, by *Hagar* and *Vroom*, for plaintiffs, *J. J. Scofield*, for defendant.

NEVIUS, J.   This action was brought in a justice's court, against the plaintiffs in *certiorari*, to recover damages, which the plaintiff below alleged he had sustained by the loss or destruction of his sheep, within the township of Washington. The Court of Common Pleas, on appeal, rendered judgment in favor of the plaintiff, which is sought now to be reversed, on these grounds :

1st. Because the plaintiff below, not being a resident in that township, has no claim under the statute for the loss of his sheep destroyed there.

2d. If he has any such claim, his remedy for it is not by action against the township—and,

3d. Even if such an action will lie, the judgment rendered in this case is erroneous, being for too great an amount.

The first of these objections cannot prevail.   The fund provided by law in each township for that purpose, the statute declares "shall be appropriated to make good any loss which may be sustained by any person by the destruction or wounding of his sheep within the township wherein said fund or tax shall be collected."   No distinction is made between a resident and non-resident owner of sheep.   If the destruction takes place *within* the township, the owner, whoever he may be, or whereever he may reside, is entitled to compensation for his loss out of the fund there collected.   Why the legislature made no such distinction is unnecessary to inquire ; it is sufficient to know that they have made none.

The second reason assigned for reversal is more serious, and I apprehend fatal to the judgment below.   The fund out of which the plaintiff claimed payment for his loss, and out of which he was entitled to receive payment in whole or in part,

if entitled to compensation at all, is a fund raised by a tax on dogs, pursuant to the provisions of the act for the preservation of sheep. *Rev. Stat.* 9. By the fifth section of this act, it is declared that this fund shall be kept by the town committee for the purpose of making good losses occasioned by the destruction of sheep, and that the committee shall pay all damages that may be sustained in this way within the year, in case the fund shall be sufficient for that purpose; and if not, then in equitable proportions to the persons who have sustained such damage, according to their respective losses, as far as the fund will go. If there should be a balance in the hands of the committee at the end of the year, after paying all such losses, the statute further provides, that the inhabitants of the township, at their annual town meeting, may, by vote, appropriate such balance to any other township purposes, or leave it in the hands of the committee to meet like losses sustained the next ensuing year. It will be perceived that this fund, out of which the plaintiff below claimed remuneration for his loss, is not raised by a general tax on the inhabitants of the township, but only on the owners of dogs within the township. And it is further seen, that it is a fund over which the inhabitants, as a corporation, have no other control by their vote at town-meeting, than to increase it by raising the tax beyond the amount specified in the statute, and appropriating the balance at the end of the year to such purposes as they may see fit, consistent with their general powers. If this fund, therefore, should be misappropriated by the committee, or if the committee should neglect or refuse to apply it to the purpose expressed in and assigned by the statute, the township will not be liable for such mal or misfeasance; for the committee are not the agents of the corporation in the management or distribution of the fund, but the agents of the law. They are by law constituted trustees of this fund, invested to a certain extent with judicial powers, and subjected to certain well defined duties; and if they neglect or refuse to perform them, they, and they only, are responsible, and not the township. This principle seems to me so clear and indisputable, that it would be a waste of time to refer to authorities. The cases cited by

the defendant's counsel are not applicable to the one under consideration. The remedy of the plaintiff below is not by suit against the township; but whether by *mandamus* or original suit against the town committee, we are not called on to determine.

This action cannot be sustained, and the judgment must be reversed. It is manifestly unnecessary to advert to the last objection urged against the judgment.

OGDEN, Justice, concurred.

Judgment reversed.